No. 2899. SEPAUGH *v.* SMITH. November Term, 1891. The complaint was on a sealed note dated December 30, 1879, and due November 15, 1880. It alleged three payments, the last being dated May, 1886, but did not say by whom the payments had been made. And judgment was demanded for the principal of the note with interest from November 15, 1880. The defendant, among other defences, plead the statute of limitations. Judg-

ment was for plaintiff and defendant appealed, alleging error to the trial judge (KERSHAW) "in holding that the plaintiff's action was upon the new promise implied from the payments recited in the complaint, and for error in not holding that the action was simply upon the note, and was therefore barred by the statute."

*N. W. Hardin,* for appellant. *Finley & Brice,* contra.

March 15, 1892. The opinion of the court was delivered by MR. JUSTICE McGOWAN, who said that the balance remaining unpaid on the note after the credit of May, 1886, was recoverable until May, 1892. "But how should it be recovered? This court has held that such *promise* in writing does not revive the balance of the old note, which is barred and dead, but is a new promise to pay what remains unpaid of the old debt, and that, to be recovered, it must be expressly and in terms sued upon, as such *new promise.* See *Fleming* v. *Fleming,* 33 S. C., 510. I am not able to distinguish the case now before us from that, and therefore there must be a new trial."

MR. CHIEF JUSTICE McIVER (the only other justice who heard the case) said: "I concur. It should be observed that there is no allegation in the complaint that the alleged payments were made by the defendant; and this case, therefore, is precisely like the case of *Fleming* v. *Fleming.*"

Judgment reversed and case remanded for a new trial.